```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIMBERLY LaFRANCE,

                           Plaintiff,
                                                        5:14-CV-1158
v.                                                      (GTS/TWD)

RUBY TUESDAY, INC.; JAMES J. BUETTGEN,
Individually and as Chairperson, President and CEO
of Ruby Tuesday, Inc.; F. LANE CARDWELL;
Individually and as Director of Ruby Tuesday, Inc.;
KEVIN T. CLAYTON, Individually and as Director
of Ruby Tuesday, Inc.; BERNARD LANIGAN, JR.,
Individually and as Director of Ruby Tuesday, Inc.;
JEFFREY J. O'NEILL, Individually and as Director
of Ruby Tuesday, Inc.; and STEPHEN I. SADOVE,
Individually and as Lead Director of Ruby Tuesday, Inc.,

                           Defendants.
_____
```

APPEARANCES:                                            OF COUNSEL:

O'HARA, O'CONNELL & CIOTOLI                             FRANK S. GATTUSO
  Counsel for Plaintiff
7207 East Genesee Street
Fayetteville, NY 13066

CONSTANGY, BROOKS & SMITH, LLP                          JOHN E. MacDONALD, ESQ.
  Counsel for Defendants                                MAUREEN R. KNIGHT, ESQ.
989 Lenox Drive, Suite 206
Lawrenceville, NJ 08648

GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

Currently before the Court, in this labor action filed by Kimberly LaFrance ("Plaintiff")

against Ruby Tuesday, Inc., and the six above-captioned individuals ("the Individual

Defendants"), is the Individual Defendants' motion to dismiss Plaintiff's claims against them for

failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 5.) More specifically, in their motion, the Individual Defendants argue that (1) the Amended Complaint does not set forth any substantive allegations against the Individual Defendants, and (2) Plaintiff has not alleged that the Individual Defendants were her employers. (Dkt. No. 5, Attach. 1.) Plaintiff has filed a letter stating that she does not oppose the Individual Defendants' motion. (Dkt. No. 8.) In this District, when a non-movant fails to oppose a motion, the movant's burden with regard to that motion is lightened, such that, in order to succeed on that motion, the movant need only show that the motion possesses facial merit, which has appropriately been characterized as a "modest" burden.[1] After carefully considering the matter, the Court finds that the Individual Defendants have met their modest burden, for the reasons stated therein. As a result, the Court grants their motion. In the alternative, the Court grants the motion on the ground that Plaintiff has abandoned her claims against the Individual Defendants.[2]

**ACCORDINGLY**, it is

**ORDERED** that the Individual Defendants' motion to dismiss (Dkt. No. 5) is **GRANTED**.

Dated: October 20, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[1] *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

[2] *Cf. Jackson v. Fed. Exp.*, No. 12-1475, 2014 WL 4412333, at *6 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.").